| | | | |
|---|---|---|---|
| Case No. | **CV 18-3574-DMG (JCx)** | Date | July 11, 2018 |
| Title | *Filadelfo Jimenez, et al. v. Kim Heng Lao, et al.* | Page | 1 of 5 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE MOTION TO REMAND ACTION TO LOS ANGELES COUNTY SUPERIOR COURT [15]**

On January 23, 2018, Plaintiffs Filadelfo Jimenez, Jose Juara, and Phuonh T. Quach filed a Complaint in Los Angeles County Superior Court against Defendants Lucky Express Transportation, Inc. ("Lucky Express"); Lucky Taro, Inc. ("Lucky Taro"); Kim Heng Lao, the president of Lucky Express and Lucky Taro; and Lily Chang, the secretary of Lucky Express and Lucky Taro. Removal Notice, Ex. A at 9–24 (Compl.) [Doc. # 1].[1] Plaintiffs allege a cause of action under the Fair Labor Standards Act of 1938, along with ten state law causes of action. *See id.* at 11–23. On April 26, 2018, Defendant Lao filed an Answer and a Motion to Quash Service of Summons.[2] Removal Notice, Ex. B at 26–36 (Answer) [Doc. #1]; Removal Notice, Ex. C. at 38–46 (Motion to Quash) [Doc. # 1]. On April 27, 2018, all four Defendants removed the action, invoking this Court's federal question and supplemental jurisdiction. *See* Removal Notice at 4–5 [Doc. # 1.] Defendants assert that removal is timely because Plaintiffs did not properly serve Defendant Lao in the state court action. *See id.* at 2–3.

On May 23, 2018, Plaintiffs filed the instant Motion to Remand on the ground that Defendants failed to file a timely notice of removal. [Doc. # 15.] That motion has since been fully briefed. [Doc. ## 18, 21, 27.] Having duly considered the parties' written submissions, the Court now renders its decision. For the reasons discussed below, the Court **DENIES** Plaintiffs' motion.

//
//
//

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

[2] Defendant Lao's Answer asserts (*inter alia*) that "Plaintiffs failed to serve the Summons and Complaint in this action upon [him] in accordance with statutory and constitutional requirements." Removal Notce, Ex. B at 36 [Doc. # 1].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-3574-DMG (JCx) | Date | July 11, 2018 |
|---|---|---|---|
| Title | *Filadelfo Jimenez, et al. v. Kim Heng Lao, et al.* | Page | 2 of 5 |

# I.
# LEGAL STANDARD

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). One such defect is the failure to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *See id.* § 1446(b)(1). Under that statute, "[e]ach defendant . . . ha[s] 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *See id.* § 1446(b)(2)(B). "[I]f the complaint is filed in court prior to any service, the removal period [under the statute] runs from the service of the summons." *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

"[A] party seeking to remove a case to federal court has the burden of proving that all the requirements of removal have been met. That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal." *See Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983); *accord Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). If only written materials are submitted for the district court's consideration, then the removing defendant need only establish a *prima facie* case to survive a motion to remand. *See Parker*, 570 F. Supp. at 642–43; *cf. Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (holding that a motion to remand for lack of subject matter jurisdiction is governed by Rule 12(b)(1) standards); *ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd.*, 975 F. Supp. 2d 1083, 1085–86 (N.D. Cal. 2013) ("When a factual [Rule 12(b)(1)] motion to dismiss is made and only written materials are submitted for the court's consideration, a plaintiff need only establish a *prima facie* case of jurisdiction."). Furthermore, "the question whether service of process was sufficient [in a case that was removed from state court] is governed by state law."[3] *See Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017).

---

[3] Defendants contend that "[u]nder California law, it is Plaintiffs' burden to establish all facts requisite to effective service." Opp'n at 8. The two decisions Defendants cite for that proposition, however, discuss the legal standard applicable to motions to quash service in state court. *See id.* (citing *Roy v. Superior Court of San Bernardino Cty.*, 127 Cal. App. 4th 337, 343 (2005) ("When a California defendant moves to quash for lack of personal jurisdiction, the burden is on the plaintiff to establish jurisdiction by a preponderance of the evidence."); *Dill v. Berquist Const. Co.*, 24 Cal. App. 4th 1426, 1439–40 (1994) ("When a defendant challenges [personal jurisdiction] by bringing a motion to quash, the burden is on the plaintiff to prove the existence of jurisdiction by proving, *inter alia*, the facts requisite to an effective service. . . . The same burden . . . rested on [plaintiff] when the defendants moved to dismiss [for lack of personal jurisdiction].")). These authorities do not modify a defendant's burden to show proper removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-3574-DMG (JCx)** | Date | July 11, 2018 |
|---|---|---|---|
| Title | ***Filadelfo Jimenez, et al. v. Kim Heng Lao, et al.*** | Page | 3 of 5 |

## II.
## DISCUSSION

The crux of the parties' dispute is whether Plaintiffs' process server personally delivered the Complaint and the Summons to Defendant Lao on January 30, 2018 at or about 10:08 a.m. at 1884 E. 22nd Street in Los Angeles, California (*i.e.*, Defendants' place of business).[4] *See, e.g.*, Mot. at 8–9; Opp'n at 9–12. If so, then Plaintiffs effectuated service at that date and time, *see* Cal. Civ. Proc. Code § 415.20, and Defendants' notice of removal is untimely because it was filed more than thirty days after service.

Lao attests that he was not present at Defendants' place of business on January 30, 2018 at or about 10:08 a.m. *See* Lao Decl. at ¶¶ 4–6, 10 [Doc. # 18-1]. Instead, Lao declares that at that date and time, he was at Song Hy Supermarket in Orange County with Tee Leang, the chief operating officer of Lucky Taro, and Hao Sangpy, an executive assistant employed by Song Hy Supermarket. *Id.* at ¶ 7; *see also* Sangpy Decl. at ¶ 2 (providing Sangpy's formal title) [Doc. # 18-5]. Lao's version of events is corroborated by Leang, Sangpy, Chang, and Minut Mao (one of Lucky Taro's accounting team leads). *See* Leang Decl. at ¶¶ 4–5, 11 [Doc. # 18-6]; Sangpy Decl. at ¶ 5 [Doc. # 18-5]; Chang Decl. at ¶¶ 6–8 [Doc. # 18-3]; Mao Decl. at ¶¶ 2, 4–5 [Doc. # 18-4]. Chang attests that a process server personally delivered the Summons and Complaint to her at Defendants' place of business on January 30, 2018 at or about 10:08 a.m..[5] *See* Chang Decl. at ¶ 6 [Doc. # 18-3]. Chang claims that shortly thereafter, she took a photograph of these documents and electronically transmitted the image to Leang, *see id.* at ¶ 9; Chang Decl., Ex. A at 5 (photograph) [Doc. # 18-3], a photograph that Leang confirms receiving. *See* Leang Decl. at ¶ 6 [Doc. # 18-6]; Leang Decl., Ex. A at 5 (photograph) [Doc. # 18-6]. These declarations from Defendants' five witnesses amount to *prima facie* evidence that Plaintiffs did not serve Lao on January 30, 2018 at or about 10:08 a.m.

---

[4] Defendants raise multiple objections to evidence Plaintiffs submitted in connection with their motion. [Doc. ## 18-1, 22.] The Court **OVERRULES** these objections as **moot** because several of them pertain to evidence that the Court need not consider to decide the instant motion and Defendants would prevail even if the Court considered all of the evidence offered by Plaintiffs. Similarly, the Court **DENIES** Defendants' request for judicial notice of a minute order as **moot** because the Court need not rely upon that document to resolve the instant motion. [Doc. # 27-2.]

[5] Defendants do not dispute that Plaintiffs properly served Chang as an officer of Lucky Express Transportation, Inc. and Lucky Taro, Inc. *See* Opp'n at 5, 15 ("Defendant . . . Chang was present at Defendant[s'] place of business on January 30, 2018 at 10:08 a.m. when she was served with the lawsuit. * * * [T]he other Defendants were effectively served through Defendant Chang, who is an officer of Defendants . . . ."). Therefore, the timeliness of Defendants' Removal Notice hinges on whether Plaintiffs properly served Defendant Lao at that date and time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-3574-DMG (JCx) | Date | July 11, 2018 |
|---|---|---|---|
| Title | *Filadelfo Jimenez, et al. v. Kim Heng Lao, et al.* | Page | 4 of 5 |

Plaintiffs offer executed proof of service forms and the declaration of John Martinez, the process server who signed the forms. The proof of service forms indicate that on January 30, 2018 at 10:08 a.m., Martinez personally delivered the Summons, Complaint, and other related documents to Lao at Defendants' place of business. *See* Mot., Ex. A at 12–17 [Doc. # 15]. The forms further show that Martinez served Lao in his individual capacity and in his capacity as an officer of Lucky Express and Lucky Taro. *See id.* Martinez's declaration reaffirms the accuracy of the proof of service forms. *See* Martinez Dec. at ¶¶ 3–4 [Doc. # 15]. He also claims that "[his] notes indicate and [he] recall[s] that [he] hand-served an Asian male, in his mid-40's, standing approximately 5'6", and weighing approximately 120 pounds." *See id.* at ¶ 5. Martinez attests that "[t]he person [he] hand-served acknowledged being Kim Heng Lao." *See id.*

On this record, the Court cannot conclude that Plaintiffs have rebutted Defendants' *prima facie* showing that Plaintiffs failed to properly serve Lao. *See Parker*, 570 F. Supp. at 643 ("[O]nce the removing party has made a *prima facie* case of having satisfied all procedural requirements, the burden shifts to the party seeking remand to offer evidence rebutting that *prima facie* case."). Lao attests that prior to January 30, 2018, he was served with a summons and complaint at Defendants' place of business for a different matter—*i.e.*, *Gilbert Jaura v. Kim Heng Lao, et al.*, Case No. BC685215. *See* Lao Dec. at ¶ 8 [Doc. # 18-1]. Given that Martinez's declaration strongly suggests that his recollection is based on his notes and that he apparently executed the proof of service the day after he delivered the Summons and Complaint, *see* Martinez Decl. at ¶ 5; Mot., Ex. A at 13, 15, 17, it is plausible that Martinez mistakenly believes that he served Lao in connection with the instant case rather than for the *Juara* matter. Further, Plaintiffs offer no evidence to support their assertion that Chang, Leang, Sangpy, and Mao are "close allies and/or employees under duress" such that their declarations should be entirely disbelieved.[6] *See* Reply at 4–5; *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 286 (N.D. Cal. 2015) ("[A]ttorney argument is not evidence on which the court can rely."). Moreover, the fact that Leang, Sangpy, and Mao's declarations were not included with Lao's Motion to Quash is easily explained by Defense Counsel's claim that he later "uncovered additional facts regarding the non-service of Defendant Lao."[7] *See* Setoguchi Decl. at ¶ 7 [Doc. # 18-2]; Removal Notice, Ex. C at 45–46, 53–54 (declarations included with Lao's Motion to Quash) [Doc. # 1]. In addition, even if the Court

---

[6] Additionally, Plaintiffs claim that Lao and Chang are "a married couple" but fail to cite any evidence in support of that assertion. *See* Mot. at 5. Even assuming that Lao and Chang are married, Plaintiffs have not rebutted Defendants' *prima facie* showing.

[7] Plaintiffs also contend that they informed Defendants on February 15, 2018 that service had been completed. *See* Mot. at 4–5. This is false. Plaintiffs' counsel stated only that "*Lucky Taro* ha[d] . . . been served with three more complaints." *See* Mot., Ex. A at 19 (emphasis added) [Doc. # 15]. Moreover, Defense Counsel attests that he did not receive a copy of Martinez's proof of service form until April 9, 2018. *See* Setoguchi Decl. at ¶ 3 [Doc. # 18-2]; Setoguchi Decl., Ex. A at 6–7 (email correspondence) [Doc. # 18-2].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-3574-DMG (JCx) | Date | July 11, 2018 |
|---|---|---|---|
| Title | *Filadelfo Jimenez, et al. v. Kim Heng Lao, et al.* | Page | 5 of 5 |

credited Plaintiffs' allegations regarding Defendants' aggressive litigation tactics (*e.g.*, Defendants threatened to file "frivolous cross-complaints" against Plaintiffs), that does not establish that all five of Defendants' witnesses are lying or mistaken. *See* Mot. at 5.

Plaintiff's remaining arguments are without merit. Even assuming *arguendo* that the proof of service forms and Martinez's declaration properly invoke California Evidence Code section 647's presumption of proper service, the attestations of Defendants' five witnesses would (at the very least) preclude Plaintiffs' evidence from being dispositve. *See Fernandes v. Singh*, 16 Cal. App. 5th 932, 941 n.6 (2017) ("[A] declaration of non-service if credited by the trial court can rebut the presumption of proper service." (emphasis omitted)). Further, California's collateral estoppel principles are inapplicable because Plaintiffs have utterly failed to demonstrate that the issue raised in the motion to quash filed in *Jesus Riveros v. Kim Heng Lao, et al.*, Los Angeles Superior Court Case No. BC691246, is "identical" to the question presented here. *See* Reply at 2, 4 (asserting in a conclusory fashion that the issues are the same); Marlis Decl., Ex. A at 2 (minute order from *Riveros* that provides no description of the issue) [Doc. # 21-2]; *Pac. Lumber Co. v. State Water Res. Control Bd.*, 37 Cal. 4th 921, 943 (2006) ("[Collateral estoppel] applies only if . . . . the issue sought to be precluded from relitigation [is] *identical* to that decided in a former proceeding." (emphasis added) (internal quotation marks omitted)). Lastly, even if "judicial economy" favors allowing this matter to proceed in the same court that has been assigned to the *Jaura* case, that would not be a permissible basis for granting Plaintiff's motion. *See* Mot. at 9; 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of *any defect* other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." (emphasis added)).

In sum, Defendants advance sufficient evidence to withstand Plaintiffs' Motion to Remand.

### III.
### CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**